UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------X

MAGDA M. ELMOBDY, individually, and as the personal representative of and on behalf of her minor children KARIM ELMOBDY, ISLAM ELMOBDY, MOHAMED ELMOBDY and SHERIF ELOMBDY; and as personal representative of and on behalf of the surviving parent HAMIDA MOHAMED; and as personal representative of and behalf of the dependent relative, NEAMAAT ATITOY

     07Civ. 6831 (SAS)

     **ANSWER**

          Plaintiff,

- against -

LMS SHIP MANAGEMENT, INC., P&O NEDLLOYD BV, and WATERMAN STEAMSHIP CORP.,

          Defendants.

X------------------------------------------------X

     Defendants, LMS SHIPMANAGEMENT, INC. (sued herein as "LMS SHIP MANAGEMENT, INC."), and WATERMAN STEAMSHIP CORPORATION, (sued herein as "WATERMAN STEAMSHIP CORP."), by their attorneys Hill, Betts & Nash LLP, as and for their Answer to the Complaint herein, allege upon information and belief as follows:

     1.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 1 of the Complaint and refer all conclusions of law to the Court.

     2.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 4 of the Complaint, except admit that in August 2005 plaintiff was employed as a seaman and refer all conclusions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 6 of the Complaint and refer all conclusions of law to the Court.

7. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 7 of the Complaint and refer all conclusions of law to the Court.

8. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint except admit that LMS Shipmanagement, Inc. is a corporation.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 11 of the Complaint, as the term possessed, in the context of the allegation, is vague and unclear.

12. Deny the allegations contained in paragraph 12 of the Complaint except admit that in August 2005 LMS Shipmanagement, Inc. managed the vessel P&O NEDLLOYD BUENOS AIRIES.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 14 of the Complaint, as the term controlled, in the context of the allegation, is unclear and ambiguous.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Admit the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that in August 2005 Waterman Steamship Corporation owned the vessel P&O NEDLLOYD BUENOS AIRES.

18. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 18 of the Complaint, as the term possessed, in the context of the allegation, is vague and unclear

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 21 of the Complaint, as the term controlled, in the context of the allegation, is unclear and ambiguous.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 29 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that in August 2005 Ramadan Elmobdy was employed by Waterman Steamship Corporation as a member of the crew pursuant to the terms of his contract of employment..

31. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 31 of the Complaint, except admit that in August 2005 plaintiff fell ill during a voyage of the vessel P&O NEDLLOYD BUENOS AIRES and subsequently died.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint and refer all conclusions of law to the Court.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35.  Deny the allegations contained in paragraph 35 of the Complaint.

36.  Deny the allegations contained in paragraph 36 of the Complaint.

37.  Deny the allegations contained in paragraph 37 of the Complaint.

38.  Deny the allegations contained in paragraph 38 of the Complaint.

39.  Deny the allegations contained in paragraph 39 of the Complaint.

## AS AND FOR A FIRST DEFENSE

40.  If plaintiff's decedent was injured in the manner and for the reasons alleged in the Complaint, which is denied, plaintiff's decedent's injuries were caused and or brought about in whole or in part by his own negligence, fault, or lack of care, or by the negligence, fault or lack of care of others for whose negligence, fault or lack of care, defendant is not responsible.

## AS AND FOR A SECOND DEFENSE

41.  The Complaint fails to state a claim upon which relief may be granted on behalf of Magda M. Elmobdy.

## AS AND FOR A THIRD DEFENSE

42.  The Complaint fails to state a claim upon which relief may be granted on behalf of the Estate of Ramadan Elmobdy.

## AS AND FOR A FOURTH DEFENSE

43.  The Complaint fails to state a claim upon which relief may be granted on behalf of Karim Elmobdy.

## AS AND FOR A FIFTH DEFENSE

44.  The Complaint fails to state a claim upon which relief may be granted on behalf of Islam Elmobdy.

## AS AND FOR A SIXTH DEFENSE

45. The Complaint fails to state a claim upon which relief may be granted on behalf of Mohamed Elmobdy.

## AS AND FOR A SEVENTH DEFENSE

46. The Complaint fails to state a claim upon which relief may be granted on behalf of Sherif Elmobdy.

## AS AND FOR AN EIGTH DEFENSE

47. The Complaint fails to state a claim upon which relief may be granted on behalf of Hamida Elmobdy.

## AS AND FOR A NINTH DEFENSE

48. The Complaint fails to state a claim upon which relief may be granted on behalf of Neamaat Atitoy.

## AS AND FOR A TENTH DEFENSE

49. To the extent plaintiff's decedent sustained any injuries or medical conditions that led to his death, such injuries or conditions existed, in whole or in part, prior to the incident alleged in the Complaint.

## AS AND FOR AN ELEVENTH DEFENSE

50. If there is found to be any liability on the part of defendants, which is denied, then defendants claim the benefits of the provisions of the Shipowner's Limitation of Liability Statutes 46 USC §30501 et seq., 46 USC §30910, and 46 USC §31106.

## AS AND FOR A TWELFTH DEFENSE

51. Improper service of process on Waterman Steamship Corporation.

## AS AND FOR A THIRTEENTIETH DEFENSE

52. LMS Shipmanagment, Inc. was not served with process.

## AS AND FOR AN FOURTEENTH DEFENSE

53. This Court lacks *in personum* jurisdiction over Waterman Steamship Corporation and LMS Shipmanagment, Inc. as service or process was lacking or improper.

## AS AND FOR A FIFTEENTH DEFENSE

54. Plaintiffs have failed to mitigate any loss or damages they may have incurred.

## AS AND FOR A SIXTEENTH DEFENSE

55. Magda M. Elmobdy does not have standing to bring suit on behalf of Neamaat Atitoy or Hamida Mohamed.

56. Magda E. Elmobdy does not have standing to represent the estate of decedent Ramadan Elmobdy.

## AS AND FOR A SEVENTEENTH DEFENSE

57. Lack of personal jurisdiction over LMS Shipmanagment, Inc.

## AS AND FOR AN EIGHTEENTH DEFENSE

58. That this action should be dismissed on the grounds of *forum non conveniens* and/or improper venue.

WHEREFORE, defendants LMS SHIPMANAGEMENT, INC. (sued herein as "LMS SHIP MANAGEMENT, INC."), and WATERMAN STEAMSHIP CORPORATION, (sued herein as "WATERMAN STEAMSHIP CORP."), demand that the Complaint be dismissed and that judgment be entered in their favor and against the

plaintiffs herein, together with costs, disbursements and counsel fees incurred, and that this Court grant such further and other relief to it as the Court deems just and proper.

Dated: New York, New York
      September 18, 2007

                    HILL, BETTS & NASH LLP

                    By_____
                    Gregory O'Neill (GON-1944)
                    Gordon S. Arnott (GSA-8612)
                    Elizabeth A. McCoy (EAM-8448)
                    Attorneys for Defendants
                    One World Financial Center
                    200 Liberty Street, 26th Floor
                    New York, New York 10281-1003
                    (212) 839-7000
                    (212) 466-0514 (fax)

To:    HOFMANN & ASSOCIATES
       *Attorneys for Plaintiff*
       360 West 31st Street, Suite 1506
       New York, NY 10001-2727
       (212) 465-8840

       LAW OFFICES OF LYLE C. CAVIN, Jr.
       201 Fourth Street, Suite 102
       Oakland, CA 94607